# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**L. RUTHER, AHHHHA, INC.,**

      **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:15-cv-386-Orl-40DAB**

**PROMETHEUS LAW PLCMGMT LLC,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**　　March 10, 2015
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be dismissed.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*,

Case 6:15-cv-00386-PGB-DAB   Document 3   Filed 03/13/15   Page 2 of 5 PageID 10

817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979). Moreover, the district court can consider a plaintiff's long history of bringing unmeritorious litigation in deciding whether to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Miller v. Donald*, 541 F.3d 1091, 1101 (11th Cir. 2008) ("[T]he court can consider [the prisoner's history of meritless litigation] in deciding to dismiss a questionable claim." (citing *Clark,* 915 F.2d at 641)).

Applied here, *pro se* Plaintiff L. Ruther has tendered the instant motion and an unsigned, handwritten Complaint which purports to be brought on behalf of "L. Ruther, AHHHHA, Inc." (Doc. 1). Upon review, the Complaint must be dismissed.

Initially, the Court notes that no cause of action is properly before the Court with respect to the corporate Plaintiff. Although the Complaint is barely legible, to the extent AHHHHA, Inc. is a corporation, it can only appear in this action through an attorney. Local Rule 2.03(e). As no such

-2-

counsel has appeared and Mr. Ruther cannot represent the corporation in a *pro se* capacity (even assuming he had standing to do so), to the extent the Complaint purports to include a claim on the corporation's behalf, it must be dismissed.

Although the foregoing is dispositive of this Complaint, even if the Court were to construe the allegations to apply solely to Plaintiff Ruther, dismissal is still appropriate. Federal courts are courts of limited jurisdiction. Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and §1332. Although it is well established that the pleadings of *pro se* litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court will not rewrite Plaintiff's pleadings for him. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). In order to survive dismissal, a Plaintiff must plead facts sufficient to show that his claim has substantive plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Applied here, no cause of action within the limited jurisdiction of the federal courts is shown.

As best this Court can decipher from the unclear averments and the attachments to the Complaint, it appears that Mr. Ruther is suing with respect to a Promissory Note and a Security Agreement, executed by a firm which appears to be located in California. With no factual predicate alleged, Plaintiff asserts: "I charge fraud hate crime act, false claim act, racketeer act, crime." Plaintiff also appears to invoke "equal protect to US President." With respect to the Note and Security Agreement, Plaintiff declares "$10,000 due," and demands "$85,000 punitive damages."

To the extent Plaintiff is attempting to set forth state law claims of breach of contract or fraud, the requirements of diversity jurisdiction are not established. Assuming this is an action between diverse citizens regarding collection on the Note, even if Plaintiff adequately pled a breach of the terms of these agreements (he has not), the face amount of the Note is $10,000.00, well short of the amount in controversy requirement.[1] To the extent Plaintiff is alleging fraud, he must plead *facts* (not conclusions), which set forth the fraud, with particularity. None are plead here. Also, Plaintiff's claim for punitive damages is wholly unsupported. As the amount in controversy has not been adequately alleged, diversity jurisdiction is not established.

To the extent Plaintiff is attempting to plead violations of federal law, Plaintiff does not state a cause of action for "crime," false claims, or racketeering, and pleads no allegations sufficient to state a plausible claim against a private, non-governmental entity for constitutional violations. The Complaint is not cognizable under federal question jurisdiction.

Although Mr. Ruther is well known to this Court for many previously dismissed suits and the Court can take this long history of unmeritorious litigation into consideration, the undersigned does not recommend dismissal with prejudice at this juncture, as it is possible (albeit unlikely) that Plaintiff may be able to state a cause of action within the jurisdiction of this Court. It is therefore **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed, with leave to file an Amended Complaint** which sets forth a cognizable claim within 14 days. Should this recommendation be adopted, the Amended Complaint should be accompanied by either the filing fee

---

[1] Although not pertinent to this analysis, the Court finds the Promissory Note to be troubling on its face. It is not clear if Prometheus Law is, in fact, a law firm, although it attempts to convey that impression. The terms of the Note indicate that Plaintiff funded $5,000 to "Prometheus Law" in order "to help Firm qualify pre-screened plaintiffs," with the promise that the Firm would pay Plaintiff $10,000 "from our Firm's lawyer fees" at the completion of a "short term case filed by our partner attorney." It is e-signed by attorney James A. Catipay, Esq., on behalf of "Prometheus Law." To the extent Mr. Catipay is a California lawyer and Prometheus Law is a law firm, such an arrangement likely runs afoul of the California Rules of Professional Conduct prohibiting a member or firm from "directly or indirectly" sharing legal fees with a person who is not a lawyer. *See* Rule 1-320. At the very least, the agreement appears to be inappropriate. Absent jurisdiction and a fuller understanding of this arrangement, however, the Court does not recommend any action.

or a new motion to appear *in forma pauperis*. Plaintiff is advised to review the forms available on the Court's internet website (www.flmd.uscourts.gov) under Proceeding Without A Lawyer.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy